UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BERRYMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. EDCV 09-1180 JC<br><br>MEMORANDUM OPINION |

**I.    SUMMARY**

　　On July 2, 2009, plaintiff Patrick Berryman ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

　　This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 6, 2009 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 10, 2006, plaintiff protectively filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 86-88, 109). Plaintiff asserted that he became disabled on August 4, 2006, due to attention deficit disorder. (AR 113). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on January 21, 2009. (AR 16-46). A vocational expert and a third party witness also testified. (AR 29-45).

On March 2, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 8-15). Specifically, the ALJ found: (1) plaintiff suffered from the severe impairments of depressive disorder not otherwise specified and attention deficit disorder/learning dysfunction by history (AR 10); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 11); (3) plaintiff retained the residual functional capacity to perform "a full range of work at all exertional levels" with certain limitations (AR 12);[2] (4) plaintiff could perform his past relevant work as a welder and machinist (AR 14); and (5) the testimony of the

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] The ALJ determined that plaintiff was "moderately limited in the ability to interact appropriately with the general public; moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors; and moderately limited in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." (AR 12).

third party witness was not entirely credible. (AR 14). The Appeals Council denied plaintiff's application for review. (AR 1-3).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

///

|   |   |   |
|---|---|---|
| 1 | (5) | Does the claimant's residual functional capacity, when |
| 2 |  | considered with the claimant's age, education, and work |
| 3 |  | experience, allow him to adjust to other work that exists in |
| 4 |  | significant numbers in the national economy? If so, the |
| 5 |  | claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///
///
///

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Medical Opinion Evidence

#### 1. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.), as amended (1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted). "The ALJ

must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id.; see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted). "Broad and vague" reasons for rejecting a treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

When they are properly supported, the opinions of physicians other than treating physicians, such as examining physicians and nonexamining medical experts, may constitute substantial evidence upon which an ALJ may rely. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Morgan, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

**2. Analysis**

Plaintiff contends that the ALJ erred by failing to consider properly the opinion of a treating physician, Dr. KyiKyi Win. (Plaintiff's Motion at 3-5). Plaintiff's argument lacks merit.

Dr. Win opined that plaintiff had greater mental and physical limitations than did any other physician. In a form entitled "Medical Opinion Re: Ability To Do Work-Related Activities (Mental)," Dr. Win stated, for example, that plaintiff was "[u]nable to meet competitive standards" for certain mental abilities, such as remembering work-like procedures and asking simple questions or requesting assistance. (AR 265). Dr. Win believed plaintiff had a "[l]imited but satisfactory" capacity to perform two other mental abilities, and a "[s]eriously limited, but not precluded" capacity to perform the eight other mental abilities listed, including

understanding, remembering, and carrying out very short and simple instructions, and completing a normal workday and workweek without interruptions from his psychological symptoms. (AR 265). On a form concerning plaintiff's physical limitations, Dr. Win opined, for example, that plaintiff could walk for only about four hours and sit for only about two hours in an eight-hour day; needed to walk every fifteen minutes for a total of ten minutes; needed the opportunity to shift at will from sitting or standing/walking; could perform postural activities only occasionally; and needed to avoid concentrated exposure to most environmental conditions. (AR 267-69). Dr. Win's opinions were contradicted by other examining and nonexamining physicians. See, e.g., AR 230-35 (examining psychologist concluded "[t]here is no credible evidence of impairment in his ability to understand, remember, and carry out job instructions, maintain attention, concentration, persistence and pace, or adapt to day-to-day work activities"); AR 256 (nonexamining physician concluded plaintiff "is physically nonsevere").

  The ALJ provided several reasons for rejecting Dr. Win's opinion. First, he explained that "there are no corresponding treatment notes in the record." (AR 14). Dr. Win's opinions of plaintiff's limitations are recounted in check-the-box forms that offer very little supporting detail. (See AR 265, 267-69). The scant other records from Dr. Win, which cover only four appointments, do not support the extreme limitations Dr. Win assessed on these forms. A record dated April 19, 2006, contains information from a history and physical and does not suggest that plaintiff had any serious mental or physical limitations. (AR 211). On a treatment note dated May 1, 2006, Dr. Win stated that plaintiff was a "very poor historian" who depended on his wife for information, and Dr. Win suggested he see a psychiatrist. (AR 212). Although the interview was "frustrating" for Dr. Win because Dr. Win "was not prepared by [plaintiff's] wife about his mental status," Dr. Win did not appear to do a psychiatric examination that could have justified the mental limitations with which Dr. Win assessed plaintiff. (AR 212). On May

7

8, 2006, plaintiff performed a stress test at Dr. Win's office (AR 213-20) that was described as "negative" by a nonexamining physician. (AR 256). Finally, on October 24, 2006, Dr. Win examined plaintiff following a hospital admission for cellulitis and lymphadenitis, and did not note any physical or mental limitations. (AR 221-22). Thus, the ALJ accurately concluded there were "no corresponding treatment notes in the record" to support Dr. Win's assessment of plaintiff's functional limitations. (AR 14). This reason alone suffices to reject Dr. Win's opinion. See Tonapetyan, 242 F.3d at 1149 (an ALJ need not accept a treating physician's opinions that are conclusory and brief, or unsupported by clinical findings or physician's own treatment notes). The Court therefore need not address the other reasons provided by the ALJ for rejecting Dr. Win's opinion. A remand or reversal is not warranted on this basis.

### B. The ALJ Properly Considered Lay Witness Evidence

#### 1. Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague, 812 F.2d at 1232 (ALJ must consider observations of non-medical sources, e.g., lay witnesses, as to how impairment affects claimant's ability to work). The standards discussed in

these authorities appear equally applicable to written statements. Cf. Schneider v. Commissioner of Social Security Administration, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

### 2. Analysis

Plaintiff argues that the ALJ failed properly to consider the testimony of his wife, Mrs. Sally Berryman. (Plaintiff's Motion at 5-7). The Court disagrees.

Mrs. Berryman completed a "Function Report - Adult - Third Party" dated December 6, 2006 (AR 130-37) and testified at the hearing before the ALJ. (AR 29-40). In general terms, she stated that plaintiff has memory difficulties, gets flustered easily, and makes mistakes. (See AR 30-32, 135-36). The ALJ discounted her testimony because "she is an interested party and her testimony regarding his limitations is contrary [to] his activities." (AR 14). The ALJ may not discount her testimony merely because, as plaintiff's wife, she is an interested party. See Regennitter, 166 F.3d at 1298. However, the ALJ properly relied on the conflict between Mrs. Berryman's testimony and plaintiff's daily activities to discredit her opinion. Mrs. Berryman stated that plaintiff's daily activities include taking their children to school and the park, running errands, preparing meals, performing yard work, housecleaning, and doing laundry. (AR 130-33). She also stated he could walk several miles before needing to rest. (AR 135). The ALJ properly discounted Mrs. Berryman's testimony that plaintiff suffered from disabling limitations in light of her description of plaintiff's daily activities. See, e.g., Brummer v. Astrue, 2010 WL 883864, at *2-3 (C.D. Cal. Mar. 9, 2010) (ALJ

did not err in discounting lay witness testimony where witness's description of claimant's daily activities was inconsistent with disability). Moreover, Mrs. Berryman's description of plaintiff's activities was nearly identical to plaintiff's own description. (Compare AR 130-37 with AR 138-45). The ALJ discounted plaintiff's credibility—a finding that plaintiff does not challenge—in part because plaintiff's "activities are contrary to his alleged limitations." (AR 14). Because the ALJ properly rejected plaintiff's similar testimony, "it follows that the ALJ also gave germane reasons" for rejecting Mrs. Berryman's statements. See Valentine v. Commissioner, Social Security Administration, 574 F.3d 685, 694 (9th Cir. 2009). Accordingly, a remand or reversal is not warranted on this basis.

### C. The ALJ Posed a Complete Hypothetical Question to the Vocational Expert

Plaintiff contends that the ALJ erroneously omitted from his hypothetical question posed to the vocational expert the "mental limitations and environmental restrictions opined by Dr. Win." (Plaintiff's Motion at 8). The Court disagrees.

"Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . ." Embrey, 849 F.2d at 422 (emphasis in original; citation omitted). An ALJ's hypothetical question need not include limitations not supported by substantial evidence in the record. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citation omitted).

As discussed above, the ALJ's rejection of Dr. Win's opinions was legally proper. The ALJ was not required to include in his hypothetical limitations that were not part of his findings. The ALJ's hypothetical properly included "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). (Compare AR 40 (citing Exhibit 5F [AR 238-40]) with AR 12). Accordingly, a remand or reversal is not warranted on this basis.

///

**D.     The ALJ Properly Determined that Plaintiff Could Perform His Past Relevant Work**

Finally, plaintiff contends that the ALJ erred in determining that plaintiff is capable of performing his past relevant work as a welder and machinist. (Plaintiff's Motion at 9-11).  The Court disagrees.

At step four, plaintiff has the burden of showing that he could not perform his past relevant work as actually performed or as generally performed.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  However, the ALJ still has a duty "to make the requisite factual findings to support his conclusion." Id. at 844. The ALJ discharges this duty by comparing the claimant's residual functional capacity to the physical and mental demands of the claimant's past relevant work. Id. at 844-45; 20 C.F.R. § 404.1520(f).  To determine the general demands of the claimant's past relevant work, the ALJ may refer to the Dictionary of Occupational Titles ("DOT"). Id. at 845-46 (citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)).  Although the ALJ may rely on a vocational expert to determine the actual demands of the claimant's past relevant work, it should be noted that if an ALJ determines that an individual can return to his past relevant work, no expert testimony is necessary.  See id. at 844; Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996).

Here, the ALJ made the requisite factual findings.  The ALJ first determined that plaintiff has the residual functional capacity to perform all levels of exertional work with some nonexertional restrictions.  (AR 12).  The ALJ then properly relied on the vocational expert, who used the DOT to determine the demands of plaintiff's past work as a machinist and welder.  (AR 14-15, 42-45).  The vocational expert testified that a person with the residual functional capacity assessed by the ALJ for plaintiff could return to plaintiff's past relevant work. (AR 40-45).
///

Plaintiff argues that the demands of his past relevant work "far exceed [his] residual functional capacity," either as assessed by Dr. Win or by the ALJ. (Plaintiff's Motion at 10-11). As discussed above, the ALJ's hypothetical to the vocational expert included all of the limitations that the ALJ found credible and supported by substantial evidence, and the ALJ properly rejected Dr. Win's opinions. Thus, the Court rejects plaintiff's contention that the demands of his past relevant work conflict with the limitations assessed by Dr. Win. In addition, plaintiff's conclusory argument that the demands of the machinist and welder jobs exceed the residual functional capacity assessed by the ALJ lacks merit. The ALJ's decision at step four contains the requisite findings and is supported by substantial evidence. Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 16, 2010

                                                    /s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE